**EXHIBIT A**

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

HAMMONDLAW, P.C.
Julian Hammond, CA Bar No. 268489
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Telephone: (310) 601-6766
Facsimile: (310) 295-2385

Attorneys for Plaintiffs and the Class/Subclasses

McDERMOTT WILL & EMERY LLP
Ronald J. Holland, Cal. Bar No. 148687
rjholland@mwe.com
Pankit J. Doshi, Cal. Bar No. 231369
pdoshi@mwe.com
Philip Shecter, Cal. Bar No. 300661
pshecter@mwe.com
275 Middlefield Road, Suite 100
Menlo, Park, CA 94025-4004
Telephone:  (650) 815-7400
Facsimile:  (650) 815-7401

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA J. HOGUE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YRC INC., a Delaware Corporation doing business as YRC FREIGHT; and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 5:16-cv-01338-CJC-JEM<br><br>**JOINT STIPULATION AND SETTLEMENT AGREEMENT** |

DM_US 156609530-1.PG0180.0010

**TABLE OF CONTENTS**

I.     **DEFINITIONS** ............................................................................................ 1

    1.   Action ........................................................................................ 1
    2.   Administrative Expenses ........................................................... 1
    3.   Claims ....................................................................................... 1
    4.   Class ......................................................................................... 1
    5.   Class Counsel ........................................................................... 2
    6.   Class Counsel's Attorneys' Fees and Expenses ....................... 2
    7.   Class Member ........................................................................... 2
    8.   Class Notice ............................................................................. 2
    9.   Class Period ............................................................................. 2
    10.   Class Representative ................................................................. 2
    11.   Court ......................................................................................... 2
    12.   Defendant ................................................................................. 2
    13.   Defendant's Counsel ................................................................ 2
    14.   Effective Date .......................................................................... 2
    15.   Employee's Taxes and Required Withholding ......................... 3
    16.   Employer's Taxes ..................................................................... 4
    17.   Final Approval and Fairness Hearing ...................................... 4
    18.   Gross Settlement Amount ......................................................... 4
    19.   Incentive Award ....................................................................... 4
    20.   Individual Settlement Amount ................................................. 4
    21.   Net Settlement Amount ............................................................ 4
    22.   Opt-Out(s) ................................................................................ 4
    23.   Parties ...................................................................................... 4
    24.   Plaintiff ................................................................................... 4
    25.   Preliminary Approval Date ...................................................... 4
    26.   Preliminary Approval Hearing ................................................. 5
    27.   Released Claims ....................................................................... 5
    28.   Released Parties ....................................................................... 5
    29.   Response Deadline ................................................................... 5
    30.   Settlement ................................................................................ 6
    31.   Settlement Administrator ......................................................... 6
    32.   Settlement Agreement .............................................................. 6
    33.   Settlement Participant .............................................................. 6
    34.   Share Form ............................................................................... 6
    35.   Stipulation ............................................................................... 6
    36.   Workweeks ............................................................................... 6

II.     **BACKGROUND** ...................................................................................... 6

III.    **JURISDICTION** ..................................................................................... 7

IV.   **CLASS SETTLEMENT CONSIDERATION AND ALLOCATIONS** ........................... 8

    1.   Gross Settlement Amount ......................................................... 8
    2.   Allocations of the Gross Settlement Amount ........................... 8
    3.   Tax Treatment and Payment .................................................. 10

JOINT STIPULATION AND SETTLEMENT AGREEMENT

4. No Effect on Employee Benefit Plans ............................................................ 11

**V. NOTICE TO CLASS MEMBERS AND CLAIMS ADMINISTRATION PROCESS ...................................................................................................... 11**
1. The Notice Packet .................................................................................... 11
2. Distribution of the Notice Packet .......................................................... 12
3. Duties of the Settlement Administrator ................................................. 12
4. Opt-Out Procedure ................................................................................. 13
5. Objections .............................................................................................. 14
6. Dispute Procedure .................................................................................. 15
7. Contradictory Forms .............................................................................. 15

**VI. INDIVIDUAL SETTLEMENT AMOUNTS ........................................... 15**
1. Calculation of the Individual Settlement Amounts ............................... 15
2. No Additional Compensation ................................................................ 16
3. Defendant's Cooperation ....................................................................... 16
4. Estimated and Final Calculations .......................................................... 16

**VII. CLASS SETTLEMENT FUNDING AND DISTRIBUTION ................. 17**
1. Time for Funding of the Gross Settlement Amount. .............................. 17
2. Time for Payment of Attorney Fees and Expenses to Class Counsel .... 17
3. Time for Payment of Incentive Award to Class Representative. ............ 17
4. Time for Payment of Taxes and Withholdings ...................................... 17
5. Uncashed Checks .................................................................................... 17
6. Final Declaration of Payment ................................................................ 18

**VIII. TAXATION ............................................................................................. 18**
1. No Tax Advice. ....................................................................................... 18
2. CIRCULAR 230 DISCLAIMER. ........................................................... 18

**IX. RELEASES AND WAIVERS ................................................................. 19**
1. Release of Claims by Class .................................................................... 19
2. Release of Claims by the Named Plaintiff ............................................. 20

**X. NULLIFICATION OF THIS STIPULATION ....................................... 21**
1. Non-Approval of the Stipulation ........................................................... 21
2. Defendant's Rights to Void Settlement ................................................. 21
3. Invalidation ............................................................................................ 22
4. Stay Upon Appeal .................................................................................. 22

**XI. MOTIONS FOR COURT APPROVAL ................................................. 22**
1. Preliminary Approval ............................................................................. 22
2. Final Approval ........................................................................................ 22

**XII. DUTIES OF THE PARTIES ................................................................... 23**
1. Mutual Full Cooperation ....................................................................... 23
2. Duty to Support and Defend the Settlement .......................................... 23
3. Duties Prior to Court Approval .............................................................. 23
4. Defendant's Duty to Comply with CAFA .............................................. 24

**XIII. MISCELLANEOUS PROVISIONS** ........................................................................ **24**

1. Different Facts ............................................................................................ 24
2. No Prior Assignments ................................................................................ 24
3. Non-Admission ........................................................................................... 24
4. Documents and Information ....................................................................... 25
5. No Injunctive Relief ................................................................................... 26
6. Invalidity of Any Provision ....................................................................... 26
7. Plaintiff's Waiver of Right to Be Excluded and Object ........................... 26
8. Public Comment .......................................................................................... 26
9. Non-Retaliation ........................................................................................... 26
10. Construction ................................................................................................ 27
11. Governing Law ............................................................................................ 27
12. Notices ......................................................................................................... 27
13. Captions and Interpretations ...................................................................... 27
14. Modification ................................................................................................ 27
15. Integration Clause ....................................................................................... 27
16. Successors and Assigns .............................................................................. 28
17. Corporate Signatories ................................................................................. 28
18. Execution in Counterparts .......................................................................... 28
19. Attorneys' Fees, Costs and Expenses ........................................................ 28
20. Action to Enforce Agreement ..................................................................... 28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STIPULATION AND SETTLEMENT AGREEMENT

DM_US 156609530-1.PG0180.0010

This Joint Stipulation of Settlement and Release of Class Action ("Stipulation") is made and entered into by Plaintiff RAMONA J. HOGUE ("Plaintiff"), individually and as a representative of the Putative Class, as defined below, and YRC INC. ("Defendant" or "YRC") (collectively "the Parties"). This Stipulation is subject to the approval of the Court, and is made for the sole purpose of attempting to consummate settlement of the Action on a class-wide basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting final approval of the Settlement, or the conditions precedent are not met for any reason, this Stipulation is void and of no force or effect whatsoever.

## I.   DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings specified below. To the extent terms or phrases used in this Stipulation are not specifically defined below, but are defined elsewhere in this Stipulation, they are incorporated by reference into this definition section.

1.    **Action.** "Action" shall mean the above-captioned matter entitled *Ramona J. Hogue v. YRC Inc.*, United States District Court for the Central District of California, Case No. 5:16-cv-01338-CJC-JEM.

2.    **Administrative Expenses.** "Administrative Expenses" shall include all costs and expenses associated with and paid to the Settlement Administrator.

3.    **Claims.** "Claims" shall mean the causes of action asserted in the operative Complaint in the Action, including: (1) failure to pay separately and hourly for time spent on rest breaks and other non-driving tasks (Cal. Labor Code §§ 1194; 1194.2 and 226.2); (2) failure to provide paid rest periods and pay missed rest break premiums (Cal. Labor Code § 226.7 and section 12 of IWC Wage Order No. 9); (3) failure to issue accurate itemized wage statements (Cal. Labor Code §§ 226 and 226.2); (4) failure to reimburse for business-related expenses (Cal. Labor Code § 2802); (5) Unfair Competition Law violations (Cal. Bus. & Prof. Code §§ 17200 *et seq*.); and (6) penalties pursuant to the Private Attorneys General Act (Cal. Labor Code §§ 2698 *et seq*.).

4.    **Class.** The "Class" collectively refers to the following Class:  All line-haul drivers employed by YRC who held California drivers' licenses and whose home terminals were in California,

- 1 -

DM_US 156609530-1.PG0180.0010

1  and who were paid, in whole or in part, on the basis of a certain amount of cents per mile from May 19,

2  2012 up until August 7, 2017 (i.e., when Defendant began to pay separately for rest periods) at the

3  terminal at which that putative Class Member worked.

4      For Settlement purposes, the end date of the Class Period for the Class shall be August 7, 2017.

5      5.    **Class Counsel.** "Class Counsel" shall mean Ackermann & Tilajef, P.C. and

6  HammondLaw P.C.

7      6.    **Class Counsel's Attorneys' Fees and Expenses.** "Class Counsel's Attorney Fees and

8  Expenses" shall mean, subject to Court approval, Class Counsel's attorneys' fees of up to 30 percent

9  (30%) of the Gross Settlement Amount (i.e., up to $210,000), in addition to actual out-of-pocket costs

10  actually incurred by Class Counsel up to $25,000.

11      7.    **Class Member.** "Class Member" shall mean any person who is a member of the Class,

12  or, if such person is incompetent or deceased, the person's legal guardian, executor, heir or successor-

13  in-interest.

14      8.    **Class Notice.** "Class Notice" shall mean the Notice of Proposed Class Action

15  Settlement and Hearing Date for Court Approval, as set forth in the form of **Exhibit 1** attached hereto,

16  or as otherwise approved by the Court, which is to be mailed to Class Members along with the Share

17  Form.

18      9.    **Class Period.** "Class Period" shall mean the period from May 19, 2012 through August

19  7, 2017.

20      10.    **Class Representative.** "Class Representative" refers to Plaintiff RAMONA J. HOGUE.

21      11.    **Court.** "Court" shall mean the United Stated District Court for the Central District of

22  California.

23      12.    **Defendant.** "Defendant" shall mean YRC INC.

24      13.    **Defendant's Counsel.** "Defendant's Counsel" shall mean McDermott Will & Emery

25  LLP.

26      14.    **Effective Date.** "Effective Date," or the date the Settlement shall become "final," shall

27  mean:

28

JOINT STIPULATION AND SETTLEMENT AGREEMENT

DM_US 156609530-1.PG0180.0010

(a)     In the event that a timely appeal of the Court's order of final approval has been filed, then the Settlement Agreement shall be final when the applicable appellate court has rendered a final decision or opinion affirming the Court's final approval without material modification, and the applicable date for seeking further appellate review has passed. In the event that the Court fails to approve the Settlement, or if the appropriate appellate court fails to approve the Settlement or if this Settlement Agreement is otherwise terminated: (1) this Settlement Agreement shall have no force and effect and the Parties shall be restored to their respective positions prior to entering into it, and no Party shall be bound by any of the terms of the Settlement Agreement; (2) Defendant shall have no obligation to make any payments to the Class Members, Plaintiffs or Class Counsel; (3) any preliminary approval order, final approval order or judgment, shall be vacated; and (4) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be deemed confidential mediation settlement communications and not subject to disclosure for any purpose in any proceeding; or

(b)     In the event that one or more timely objections has/have been filed and not withdrawn, then upon the passage of the applicable date for an objector to seek appellate review of the Court's order of final approval of the Settlement, without a timely appeal having been filed; or

(c)     In the event that the Settlement has received final approval by the Court and there were no timely objections filed, or that any timely objections have been withdrawn, then upon the passage of the applicable date for any interested party to seek appellate review of the Court's order of final approval of the Settlement without a timely appeal being filed (i.e., 31 days after the final approval order is entered).

15.     **Employee's Taxes and Required Withholding.** "Employee's Taxes and Required Withholding" shall mean the employee's share of any and all applicable federal, state or local payroll taxes, including those collected under authority of the Federal Insurance Contributions Act ("FICA"), FUTA and/or SUTA on the portion of any Settlement Participant's Individual Settlement Amount that constitutes wages as set forth in Section IV.3. The Employee's Taxes and Requirement Withholdings will be withheld from and paid out of the Net Settlement Amount.

DM_US 156609530-1.PG0180.0010

16. **Employer's Taxes**. "Employer's Taxes" shall mean and refer to Defendant's share of corporate federal, state and/or local payroll taxes that is owed on the portion of any Settlement Participant's Individual Settlement Amount that constitutes wages. The Employer's Taxes shall be separately paid by Defendant and shall not be paid from the Gross Settlement Amount or Net Settlement Amount.

17. **Final Approval and Fairness Hearing**. "Final Approval and Fairness Hearing" shall mean the final hearing held to ascertain the fairness, reasonableness, and adequacy of the Settlement.

18. **Gross Settlement Amount**. "Gross Settlement Amount" is the agreed upon non-reversionary settlement amount totaling $700,000.00 to be paid by Defendant in full settlement of the Released Claims asserted in this case, including the Administrative Expenses, Employee's Taxes and Required Withholdings, Class Counsel's Attorneys' Fees and Expenses, and Incentive Award. Defendant shall separately pay its share of the Employer's Taxes in addition to the Gross Settlement Amount.

19. **Incentive Award**. "Incentive Award" shall mean an additional monetary payment of $10,000 provided to the Class Representative for the efforts and risks taken by her on behalf of the Class in this Action.

20. **Individual Settlement Amount**. "Individual Settlement Amount" shall mean the amount which is ultimately distributed to each Settlement Participant, net of any Employee's Taxes and Required Withholdings.

21. **Net Settlement Amount**. "Net Settlement Amount" shall mean the Gross Settlement Amount minus all deductions set forth in Section IV.

22. **Opt-Out(s)**. "Opt-Out(s)" shall mean any and all persons who timely and validly request exclusion from the Class in accordance with the terms of the Class Notice.

23. **Parties**. "Parties" shall mean Plaintiff and Defendant.

24. **Plaintiff**. "Plaintiff" refers to the Class Representative RAMONA J. HOGUE.

25. **Preliminary Approval Date**. "Preliminary Approval Date" shall mean the date upon which the Court enters an order preliminarily approving this Stipulation.

- 4 -

DM_US 156609530-1.PG0180.0010

26.     **Preliminary Approval Hearing**. "Preliminary Approval Hearing" shall mean the hearing held on the motion for preliminary approval of the Settlement.

27.     **Released Claims**. "Released Claims" shall mean any and all liabilities, demands, claims, causes of action, complaints and obligations, whether known or unknown, against the Released Parties arising during the Class Period that are or that could have been pled in the operative Complaint in the Action, based on the facts alleged in the causes of action in the Complaint, relating to the payment or non-payment of wages and alleging violations of federal, state or local administrative order, including  Industrial Welfare Commission Wage Order No. 9, section 12, and California Labor Code sections 201, 202, 203, 204, 226, 226.2, 226.7, 558, 1194, 1194.2, 1197, 1197.1, 2698-2699 and 2802, and California Business and Professions Code sections 17200 *et seq.*, including the failure to pay separately and hourly for time spent by drivers on rest breaks, pre- and post-trip inspection time, waiting, cleaning, fueling, paperwork and other non-driving time; minimum wage claims; rest break violations; waiting time penalties; wage statement claims; failure to reimburse for necessary business expenditure claims; Unfair Competition Law violations; PAGA penalties and any other claims whatsoever that were alleged in the Action or which arise out of or directly or indirectly relate to such facts alleged in this Action, including without limitation all related claims for restitution and other equitable relief, conversion, liquidated damages, punitive damages and any other related claims and/or penalties of any nature whatsoever.  Claims of the Class for discrimination, workers' compensation, wrongful termination and other unrelated employment law claims are not encompassed with the definition of "Released Claims."

28.     **Released Parties**. "Released Parties" shall mean Defendant and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parent companies and attorneys, and/or any individual or entity which could be jointly liable with Defendant.

29.     **Response Deadline**. "Response Deadline" shall mean the date sixty (60) days following the date on which the Settlement Administrator first mails the Class Notice to the Class Members.

- 5 -

DM_US 156609530-1.PG0180.0010

30. **Settlement.** "Settlement" shall mean the settlement between the Parties, which is memorialized in this Stipulation and subject to approval by the Court.

31. **Settlement Administrator.** "Settlement Administrator" shall mean CPT Group, Inc., which the Parties have agreed will be responsible for administration of the Settlement and related matters.

32. **Settlement Agreement.** "Settlement Agreement" shall mean the settlement embodied in this Stipulation, which is subject to Court approval.

33. **Settlement Participant.** "Settlement Participant" shall mean any and all Class Members who do not timely Opt-Out of the Settlement.

34. **Share Form.** "Share Form" shall mean the Share Form, as set forth in the form of **Exhibit 2** attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members along with the Class Notice.

35. **Stipulation.** "Stipulation" shall mean this Joint Stipulation of Settlement and Release of Class Action, including any attached exhibits.

36. **Workweeks.** "Workweeks" shall mean the number of workweeks during the Class Period for which a Class Member was paid, in whole or in part, on a piece-rate basis for runs that either began or ended in California.

## II.   BACKGROUND

1. On May 19, 2016, Plaintiff RAMONA J. HOGUE filed a class action lawsuit against Defendant YRC INC. on behalf of all of the Class Members. The matter has since been removed to federal court and is entitled *Ramona J. Hogue v. YRC Inc.*, United States District Court for the Central District of California, Case No. 5:16-CV-01338-CJC-JEM. Plaintiff alleged Claims against Defendant for, among other things: (1) failure to pay separately and hourly for time spent on rest breaks and other non-driving tasks (Cal. Labor Code §§ 1194; 1194.2 and 226.2); (2) failure to provide paid rest periods and pay missed rest break premiums (Cal. Labor Code § 226.7 and section 12 of IWC Wage Order No. 9); (3) failure to issue accurate itemized wage statements (Cal. Labor Code §§ 226 and 226.2); (4) failure to reimburse for business-related expenses (Cal. Labor Code § 2802); (5) Unfair Competition

- 6 -

1 Law violations (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and (6) penalties pursuant to the Private

2 Attorneys General Act (Cal. Labor Code §§ 2698 *et seq.*).

3     2.    Defendant strongly denies liability for all of Plaintiff's Claims, and contends that it fully

4 complied with California law during the Class Period.  Specifically, Defendant contends that its rest

5 break and per mile compensation policies are lawful under California law and lawfully compensated

6 the Class Members for all hours worked. Defendant further contends that Plaintiff's Claims cannot be

7 maintained as a class action and intended to oppose any motion for class certification.

8     3.    The Parties have conducted significant investigation of the facts and law during the

9 prosecution of this Action.  Such investigation has included, inter alia, the exchange of documents;

10 written discovery by the Parties; the deposition of the Plaintiff; the deposition of Defendant's corporate

11 witness; numerous communications between the Parties; and interviews of potential witnesses.  The

12 Parties have further investigated the applicable law as applied to the facts regarding Plaintiff's alleged

13 Claims and potential defenses thereto, and the damages claimed by Plaintiff.

14     4.    The Parties engaged in extensive negotiations regarding possible resolution of this

15 matter, including private mediation. On September 5, 2018, the Parties entered into an agreement in

16 principle to settle the Action.

17     5.    The Parties believe this Agreement constitutes a fair, adequate, and reasonable

18 settlement of the Action and have arrived at this Agreement in arms-length negotiations, taking into

19 account all relevant factors, present and potential, and will so represent to the Court.  This Settlement

20 was reached after extensive negotiations.

21 **III.**    **JURISDICTION**

22     1.    The Court has jurisdiction over the Parties and the subject matter of this Action.  The

23 Action includes claims that, while Defendant denies them in their entirety, would, if proven, authorize

24 the Court to grant relief pursuant to the laws cited therein.  If the Settlement is approved, the Court will

25 retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of

26 this Agreement and all orders and judgments entered in connection therewith, and the Parties hereto

27

28

JOINT STIPULATION AND SETTLEMENT AGREEMENT

DM_US 156609530-1.PG0180.0010

1  submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the

2  Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

3  **IV.   CLASS SETTLEMENT CONSIDERATION AND ALLOCATIONS**

4        1.   **Gross Settlement Amount.** The Parties agree to settle this Action for the Gross

5  Settlement Amount of **$700,000.00**. This Settlement shall be a "checks cashed" settlement, meaning

6  that all Settlement Participants shall automatically receive their portion of the Net Settlement Amount

7  without having to affirmatively submit a claim. There shall be no reversion to Defendant. The Gross

8  Settlement Amount and other actions and forbearances taken by Defendant shall constitute adequate

9  consideration for the Settlement and will be made in full and final settlement of: (a) the Released

10  Claims, (b) Class Counsel's Attorneys' Fees and Expenses, (c) the Administrative Expenses, (d) the

11  Service Award, (e) the PAGA payment to the LWDA, and (f) any other obligation of Defendant under

12  this Stipulation (other than the Employer's Taxes on the portion of the Net Settlement Amount

13  allocated to the payment of wages).

14        2.   **Allocations of the Gross Settlement Amount.** The Gross Settlement Amount shall be

15  allocated as follows:

16        (a) **Payment to Settlement Participants.** Each Settlement Participant shall be eligible

17  to receive payment of the Individual Settlement Amount, which is a share of the Net Settlement

18  Amount based on the pro rata number of Workweeks worked by the Class Members during the Class

19  Period as a proportion of all Workweeks worked by all Class Members. The Individual Settlement

20  Amount for each Class Member shall be calculated in accordance with Section VI below. Each

21  Settlement Participant, including Plaintiff, shall be responsible for the payment of the Employee's

22  Taxes and Required Withholding with respect to his or her Individual Settlement Amount and shall

23  hold Defendant harmless from any and all liability with regard thereto.

24        (b) **Incentive Award.** Plaintiff shall petition the Court to approve an Incentive Award in

25  an amount up to **$10,000** for Plaintiff, for efforts taken by her on behalf of the Class in this Action,

26  including assisting in the investigation, having her deposition taken, consulting with Class Counsel,

27  providing crucial documents to Class Counsel, and taking other measures to zealously represent the

28  

- 8 -

1  interest of the Class.  Defendant shall not oppose any request by Plaintiff for an Incentive Award in

2  such an amount. Any Incentive Award approved by the Court shall be paid to Plaintiff from the Gross

3  Settlement Amount and shall be in addition to any distribution to which Plaintiff may otherwise be

4  entitled as a Class Member. The Incentive Award shall not be considered wages, and the Settlement

5  Administrator shall issue Plaintiff an IRS Form 1099 reflecting such payment. Plaintiff shall be

6  responsible for the payment of any and all taxes with respect to the Incentive Award and shall hold

7  Defendant harmless from any and all liability with regard thereto.

8  (c) **Settlement Administrator's Costs and Expenses**. All Administrative Expenses due

9  to the Settlement Administrator in connection with its administration of the Settlement, including, but

10  not limited to, providing the Class Notice, locating Class Members, processing Opt-Out requests and

11  objections, and calculating, administering and distributing Individual Settlement Amounts to the

12  Settlement Participants and related tax forms, shall be paid from the Gross Settlement Amount. This

13  amount shall not exceed **$20,000.00**.

14  (d) **Attorneys' Fees.** Class Counsel may submit an application for an award of Class

15  Counsel's Attorneys' Fees and Expenses with the fee portion not to exceed 30% of the Gross

16  Settlement Amount (*i.e.*, **$210,000.00**). Any Class Counsel's Attorneys' Fees and Expenses awarded by

17  the Court shall be paid from the Gross Settlement Amount in arriving at the Net Settlement Amount

18  and shall not constitute payment to any Class Members.  If Class Counsel voluntarily reduces the

19  request for Class Counsel's Attorneys' Fees and Expenses or the Court's award of Class Counsel's

20  Attorneys' Fees and Expenses is less than set forth above, the Net Settlement Amount shall be

21  recalculated to reflect the actual Class Counsel's Attorneys' Fees and Expenses awarded.

22  (e) **Litigation Costs.**   Class Counsel shall also apply for out-of-pocket costs in an

23  amount not to exceed **$25,000.00**.  The Class Counsel's Attorneys' Fees and Expenses approved by the

24  Court shall encompass: (a) all work performed and costs and expenses incurred by, or at the direction

25  of, any attorney purporting to represent the Class through the date of this Stipulation; (b) all work to be

26  performed and costs to be incurred in connection with approval by the Court of the Settlement; (c) all

27  work to be performed and costs and expenses, if any, incurred in connection with administering the

28

- 9 -

1   Settlement through dismissal of the Action, with prejudice; and (d) may be based on the Catalyst

2   Theory and/or Common Fund Doctrine.

3         (f) **PAGA Payment.** The Parties shall apply to the Court for approval of payment under

4   the California Private Attorneys General Act ("PAGA"). The Parties shall allocate **$20,000.00** (the

5   "PAGA Payment") from the Gross Settlement Amount for penalties under PAGA, of which 75% (i.e.

6   **$15,000**) shall be paid to the Labor and Workforce Development Agency ("LWDA") for its portion of

7   the PAGA penalties. The remainder shall be distributed to the Class Members as part of the Net

8   Settlement Amount. In the event the LWDA or the Court rejects this allocation, the Parties will meet

9   and confer with the Court and the LWDA to reach a penalty allocation acceptable to all Parties that

10  does not materially alter the terms of the Settlement, nor require Defendant to pay more than the Gross

11  Settlement Amount.

12        3.     **Tax Treatment and Payment.** For the purpose of calculating Employee's Taxes and

13  Required Withholding for the Individual Settlement Amounts for Settlement Participants (including

14  any payments to the Class Representative but exclusive of her Incentive Award), the Parties agree that

15  one-third (1/3) of each Individual Settlement Amount shall constitute wages in the form of wages/back

16  pay (and each Settlement Participant will be issued an IRS Form W-2 for such payment to him or her),

17  one-third (1/3) shall constitute interest, and one-third (1/3) shall constitute penalties (and each

18  Settlement Participant will be issued an IRS Form 1099 for such payment to him or her). Prior to final

19  distribution, the Settlement Administrator shall calculate the total Employee's Taxes and Required

20  Withholding due as a result of the wage portion of Settlement Participants' anticipated Individual

21  Settlement Amounts and such actual amount will be deducted from the Net Settlement Amount.

22  Additionally, prior to the funding of the Settlement and final distribution, the Settlement Administrator

23  shall calculate the total Employer's Taxes due on the wage portion of the Settlement Participants'

24  Individual Settlement Amounts and issue instructions to Defendant to separately fund these tax

25  obligations/withholdings. The Parties understand that Plaintiff and the Settlement Participants who

26  receive any payment pursuant to this Stipulation shall be solely responsible for any and all other

27

28

- 10 -

JOINT STIPULATION AND SETTLEMENT AGREEMENT

1 │ individual tax obligations associated with this Settlement and shall hold Defendant harmless from any

2 │ and all liability with regard thereto.

3 │     4. **No Effect on Employee Benefit Plans**. Neither the Settlement nor any amounts paid

4 │ under the Settlement will modify any previously credited hours, days, or weeks of service under any

5 │ employee benefit plan, policy or bonus program sponsored by Defendant. Such amounts will not form

6 │ the basis for additional contributions to, benefits under, or any other monetary entitlement under

7 │ Defendant's sponsored benefit plans, policies or bonus programs. The payments made under the terms

8 │ of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary,

9 │ earnings, wages, or any other form of compensation for the purposes of any of Defendant's benefit

10 │ plan, policy or bonus program. Defendant retains the right to modify the language of its benefits plans,

11 │ policies and bonus programs to effect this intent and to make clear that any amounts paid pursuant to

12 │ this Stipulation are not for "weeks worked," "weeks paid," "weeks of service," or any similar

13 │ measuring term as defined by applicable plans, policies and bonus programs for purpose of eligibility,

14 │ vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not

15 │ required by this Stipulation. Defendant does not consider the Settlement payments "compensation" for

16 │ purposes of determining eligibility for, or benefit accrual within, any benefit plans, policies, or bonus

17 │ programs, or any other plan sponsored by Defendant.

18 │ **V.**    **NOTICE TO CLASS MEMBERS AND CLAIMS ADMINISTRATION PROCESS**

19 │     1.    **The Notice Packet**. After the Court issues an order preliminarily approving this

20 │ Settlement, the Settlement Administrator will distribute the "Notice Packet," comprised of (1) the Class

21 │ Notice in substantially the same form attached hereto as **Exhibit 1** to the Class Members, which

22 │ describes the terms of the Settlement and procedures to opt out, object or participate in the Settlement,

23 │ and (2) the Share Form in substantially the same form attached hereto as **Exhibit 2**, which the

24 │ Settlement Administrator shall customize for each Class Member so as to identify the Class Member,

25 │ the Workweeks worked by the Class Member during the Class Period, as well as the estimated amount

26 │ of the Individual Settlement Amount the Class Member can expect to receive once the Settlement

27 │

28 │

JOINT STIPULATION AND SETTLEMENT AGREEMENT

becomes final. Class Members shall be given the opportunity to challenge their workweeks pursuant to the instructions on the Share Form.

2. **Distribution of the Notice Packet.** Notice shall be provided to Class Members in the following manner: Within fifteen (15) court days after the Preliminary Approval Date, Defendant shall provide the Settlement Administrator with an up-to-date list of Class Members containing names, Social Security Numbers, dates of employment, last-known addresses and phone numbers (the "Database"). Within thirty (30) court days following the Preliminary Approval Date, the Settlement Administrator shall determine the number of Workweeks for each Class Member, populate the Share Form for each Class Member accordingly and send each Class Member the Class Notice via first-class, United States mail.

In the event that the Class Notice is returned without a forwarding address, the Settlement Administrator will conduct a skip trace to ascertain the current address for the particular Class Member and resend the Class Notice to the updated address within three (3) calendar days of identifying the new address information. It will be presumed that, if an envelope containing the Class Notice has not been returned within thirty (30) calendar days of the mailing, the Class Member received the Class Notice.

At least thirty (30) calendar days prior to the Final Approval and Fairness Hearing, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a Declaration of Due Diligence and Proof of Mailing with regard to the mailing of the Class Notice and its attempts to locate Class Members. The Declaration shall specify the number of Class Members to whom Class Notices were sent and the number of Class Members to whom Class Notices were not delivered, as well as information relating to the number of Opt-Outs and Objectors. Class Counsel shall file this Declaration with the Court.

3. **Duties of the Settlement Administrator.** The Settlement Administrator will be responsible for mailing the Class Notice and Share Form (attached as **Exhibits 1** and **2**) to Class Members, handling inquiries from Class Members concerning the Class Notice, determination of Individual Settlement Amounts, maintaining the settlement funds in an appropriate interest bearing

- 12 -

DM_US 156609530-1.PG0180.0010

account, preparing, administrating and distributing Individual Settlement Amounts to Settlement Participants, issuing a final report and performing such other duties as the Parties may direct.

On a weekly basis, the Settlement Administrator will provide reports to Class Counsel and Defendant's Counsel updating them as to the number of validated and timely Objections and Opt-Out Requests. The Settlement Administrator will serve on Class Counsel and Defendant's Counsel via e-mail date-stamped copies of the original Opt-Outs and Objections immediately upon their receipt. The Settlement Administrator will provide Class Counsel with a declaration regarding the mailing of the Class Notice, without listing individual Class Member names, which the Class Counsel will file with the Court at the time Class Counsel files its motion in support of the Court's Final Approval and Fairness Hearing. No later than thirty (30) calendar days prior to the Final Approval and Fairness Hearing, the Settlement Administrator will compile and deliver to Class Counsel and Defendant's Counsel a report with summary information regarding (a) the total amount of final Individual Settlement Amounts of each Settlement Participant; (b) the number of Settlement Participants to receive such payments; and (c) the final number of Opt-Outs and Objections.

Prior to the calculation and distribution of the Individual Settlement Amounts, the Settlement Administrator shall calculate the total Administrative Expenses through the conclusion of its services and such actual amount will be deducted from the Gross Settlement Amount prior to the final calculation of the Individual Settlement Amounts.

4. **Opt-Out Procedure**. In order to Opt-Out of the Settlement, the Class Member must submit a letter or postcard to the Settlement Administrator, postmarked no later than the Response Deadline, in accordance with the instructions in the Class Notice. The Opt-Out request must state the Class Member's name, address, telephone number and signature. The Opt-Out request should state something to the effect of: "I WISH TO BE EXCLUDED FROM THE CLASS IN THE HOGUE V. YRC INC. LAWSUIT. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE CLASS SETTLEMENT OF THIS LAWSUIT AND WILL NOT BE RELEASING ANY CLAIMS I MIGHT HAVE." Any Opt-Out request that is not postmarked by the Response Deadline will be invalid. In the event that, prior to the Response

- 13 -

Deadline, any Class Notice mailed to a Class Member is returned as having been undelivered by the U.S. Postal Service, the Settlement Administrator shall perform a skip trace search and seek an address correction for such Class Member(s), and a second Class Notice will be sent to any new or different address obtained. Such Class Member(s) shall have an additional 14 calendar days from the new postmark date in which to Opt-Out.

If the Settlement Administrator determines that an Opt-Out request returned by a Class Member before the Response Deadline is deficient, then the Settlement Administrator shall mail a deficiency letter to that Class Member identifying the problem.

Those Class Members who do not timely and validly Opt-Out will be bound by the release of Released Claims, will be deemed to participate in the Settlement and shall become a Settlement Participant without having to take any other action.

5.      **Objections.** Any Class Member may object to the proposed Settlement, or any portion thereof, by mailing a written objection, and supporting papers, if any, to the Settlement Administrator at the address set forth in the Class Notice. To be timely, objections must be postmarked no later than the Response Deadline. A written objection must contain the objecting person's full name, the case name and number, each specific reason in support of the objection, and any legal support for each objection, and include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations). A Class Member who desires to object but who fails to comply with the time and objection procedure set forth herein shall be deemed to have not objected, which means they will be bound by the release of Released Claims, will be deemed to participate in the Settlement and shall become a Settlement Participant.  The Settlement Administrator shall send all objections in digital format to Class Counsel and Defendant's Counsel. If a Class Member wishes to appear at the Final Approval and Fairness Hearing and present his or her objection to the Court orally, the objector's written statement should include the objector's statement of intent to appear at the Final Approval and Fairness Hearing. Only Class Members who specify in their objections that they intend to present objections orally at the Final Approval and Fairness Hearing shall have the right to present their objections orally at the Final Approval and Fairness Hearing. Any Class Member who does not timely

- 14 -

DM_US 156609530-1.PG0180.0010

file written objections and a notice of intent to appear shall not be permitted to present his, her, or its objections at the Final Approval and Fairness Hearing. Any Class Member who files an objection remains eligible to submit a Share Form and receive monetary compensation from the Settlement.

6. **Dispute Procedure.** Class Members may dispute their Workweeks worked if they believe they worked more Workweeks in the Class Period than Defendant's records show by submitting information to the Settlement Administrator no later than the Response Deadline. The Settlement Administrator will jointly work with the Parties to resolve the dispute in good faith. Defendant's records will be presumed determinative, unless the Class Member produces payment stubs, wage statements or other documents which conflict with Defendant's records.  If the Parties cannot agree over the workweeks to be credited, the Settlement Administrator shall make the final decision based on the information presented by the Class Member and Defendant.

7. **Contradictory Forms**. If a Class Member submits both a timely and valid Share Form and an Opt-Out, the Settlement Administrator shall resolve the inconsistency by treating the conflicting submissions as a valid submission that will make him or her a Settlement Participant.

## VI.    INDIVIDUAL SETTLEMENT AMOUNTS

1. **Calculation of the Individual Settlement Amounts.** Individual Settlement Amounts to be paid to Settlement Participants shall be paid from the Net Settlement Amount. The portion of the Net Settlement Amount payable to each Settlement Participant will be calculated as follows: The Settlement Administrator shall divide the Net Settlement Amount by the total number of Workweeks Class Members were employed during the Class Period and were paid, in whole or in part, on the basis of a certain amount per mile for runs that either began or ended in California, in order to determine the amount each Class Member is entitled to for each Workweek the Class Member was employed by Defendant (the "Weekly Amount"). The Settlement Administrator will multiply the Weekly Amount by the total number of Workweeks that each Class Member was employed and paid per mile during the Class Period and deduct all Employee's Taxes and Required Withholding attributable to wages to arrive at the Individual Settlement Amount for that Class Member. If any Class Member opts-out of the Settlement, his/her share will be added to the Net Settlement Amount distributed to Settlement

- 15 -

DM_US 156609530-1.PG0180.0010

Participants.   The Share Forms with estimated Individual Settlement Payments shall initially be calculated based on the assumption of a 100% participation rate.

2.   **No Additional Compensation.** The Parties agree that the Individual Settlement Amounts are not viewed as additional compensation for purposes of calculating a "regular rate" of pay under California or federal law for the period during which it is received, and no additional compensation is required as a result of such payment; further, any claim to entitlement to any additional compensation is expressly waived under the terms of this Stipulation.   No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiff, any Class Members, Class Counsel, or the Settlement Administrator based upon distributions and payments made in accordance with this Stipulation.

3.   **Defendant's Cooperation.** Defendant will provide the Settlement Administrator with any information reasonably necessary to perform the calculation of number of Workweeks for each Class Member, and any other reasonably required information the Settlement Administrator requests to perform the calculations required under this Settlement Agreement. Defendant shall further provide the Settlement Administrator with any additional documents or information requested in response to any disputes submitted by Class Members regarding their Individual Settlement Amounts as set forth in their Share Forms. Defendant shall have no responsibility for deciding the validity of the Individual Settlement Amounts or any other payments made pursuant to this Stipulation, shall have no involvement in or responsibility for the determination or payment of Employee's Taxes and Required Withholding, and shall have no liability for any errors made with respect to such Employee's Taxes and Required Withholding. Although the Settlement Administrator will calculate and pay the standard Employee's Taxes and Required Withholding on the portion of the Individual Settlement Amounts constituting wages on their behalf, Plaintiff and Settlement Participants represent and understand that they shall be solely responsible for any and all tax obligation associated with their respective Individual Settlement Amounts and Incentive Award.

4.   **Estimated and Final Calculations.** For purposes of calculating the estimated Individual Settlement Amounts, the Settlement Administrator shall calculate the estimated Net Settlement Amount

- 16 -

based on the estimated values in Section IV.2 prior to sending Notice to the Class Members. Prior to final distribution, the Settlement Administrator shall calculate the final Net Settlement Amount based on the actual values in Section IV.2.

**VII.    CLASS SETTLEMENT FUNDING AND DISTRIBUTION**

1.    **Time for Funding of the Gross Settlement Amount.** Defendant shall transfer the Gross Settlement Amount to the Settlement Administrator within fifteen (15) court days after the Effective Date.

2.    **Time for Payment of Attorney Fees and Expenses to Class Counsel.** The Settlement Administrator shall distribute to Class Counsel the Class Counsel's Attorneys' Fees and Expenses approved by the Court to Class Counsel no later than thirty (30) court days after the Effective Date.

3.    **Time for Payment of Incentive Award to Class Representative.** The Settlement Administrator shall distribute to Plaintiff the Incentive Award approved by the Court no later than thirty (30) court days after the Effective Date.

4.    **Time for Payment of Taxes and Withholdings.** The Settlement Administrator shall make every effort to pay the Employee's Taxes and Required Withholding associated with each Class Participant's Individual Settlement Amount and mail the Individual Settlement Amount to each Class Participant, by first-class U.S. mail, to the last-known address no later than thirty (30) court days after the Effective Date.  If the Settlement Administrator is not able to do so within the time period set forth above, it shall so inform Class Counsel and Defendant's Counsel and provide an approximate date by which the Employee's Taxes and Required Withholding shall be paid and the Individual Settlement Amounts will be mailed. Under no circumstances shall the Settlement Administrator distribute checks to Settlement Participants until all Individual Settlement Amounts have been considered, calculated, and accounted for, and the all of the remaining monetary obligations have been calculated and accounted for.

5.    **Uncashed Checks.** Any checks paid to Settlement Participants shall advise that they will remain valid and negotiable for ninety (90) calendar days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Settlement Participant within that time, at which

- 17 -

DM_US 156609530-1.PG0180.0010

1   time the Settlement Participant's check will be deemed void and have no further force and effect. Any

2   Settlement Participant's failure to negotiate and/or cash any such check will not abrogate or affect that

3   Settlement Participant's waivers or releases under this Settlement. The funds associated with any

4   checks which are not timely negotiated will be paid to the State of California's Department of Industrial

5   Relations' Unclaimed Wage Fund in the name of the Settlement Participant(s) who did not cash their

6   check.

7       6.      **Final Declaration of Payment.** Within 120 calendar days of the Effective Date, the

8   Settlement Administrator shall provide to Class Counsel a declaration regarding settlement distribution,

9   which Class Counsel shall file with the Court.

10  **VIII.   TAXATION**

11      1.      **No Tax Advice.** Neither the Parties nor their respective counsel provide or purport to

12  provide any tax advice to the Settlement Participants in connection with this Stipulation or otherwise.

13  The Parties agree that they shall not rely upon any terms of this Stipulation for the purpose of

14  determining or avoiding federal, state, or local tax obligations. The Class Notice shall advise Class

15  Members to seek advice about the possible tax consequences of their receipt of their Individual

16  Settlement Amount.

17      2.      **CIRCULAR 230 DISCLAIMER.** EACH PARTY TO THIS AGREEMENT (FOR

18  PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO

19  THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")

20  ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO

21  WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR

22  THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL

23  ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE

24  RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY

25  DEPARTMENT   CIRCULAR   230   (31   CFR   PART   10,   AS   AMENDED);   (2)   THE

26  ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN,

27  INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN

28

- 18 -

DM_US 156609530-1.PG0180.0010

CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

## IX.   **RELEASES AND WAIVERS**

1.   **Release of Claims by Class.** Upon the Effective Date, each Settlement Participant shall release Defendant and the Released Parties, and each of them, from the Released Claims. Each Settlement Participant will be bound to the release of Released Claims as a result of the Settlement and to the terms of the final judgment and the satisfaction of such judgment.

It is understood and agreed that this Stipulation will not release any person, party or entity from claims, if any, by Class Members for workers' compensation, unemployment, or disability benefits of any nature, nor does it release any claims, actions, or causes of action which may be possessed by Class Members under state or federal discrimination statutes, including, without limitation, the Cal. Fair Employment and Housing Act, the Cal. Government Code § 12940, *et seq.*; the Unruh Civil Rights Act, the Cal. Civil Code §51, *et seq.*; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; and all of their implementing regulations and interpretive guidelines.

Class Members who do not opt out will be deemed to have acknowledged and agreed that their claims for wages and/or penalties in the Action are undisputed, and that the Settlement payments

- 19 -

DM_US 156609530-1.PG0180.0010

constitute payment of all sums allegedly due to them. Class Members will be deemed to have acknowledged and agreed that California Labor Code Section 206.5 is not applicable to the Settlement payments. That section provides in pertinent part as follows:

> **"An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."**

2.     **Release of Claims by the Named Plaintiff.** Upon the Effective Date, Plaintiff shall forever release, discharge and agree to hold harmless the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, which she may now have or may have after the signing of this Stipulation, against Defendant arising out of or in any way connected with her employment with Defendant including, the Released Claims, claims that were asserted or could have been asserted in the Complaint, and any and all transactions, occurrences, or matters between the Parties. Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (a) Americans With Disabilities Act, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act, as amended; (f) the Fair Labor Standards Act, as amended; (g) the Equal Pay Act; (h) the Employee Retirement Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act; (j) the Rehabilitation Act of 1973; (k) the Family and Medical Leave Act; (l) the Civil Rights Act of 1966; (m) the California Fair Employment and Housing Act; (n) the California Constitution; (o) the California Labor Code; (p) the California Government Code; (q) the California Civil Code; and (r) any and all other federal, state and local statutes, ordinances, regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local

DM_US 156609530-1.PG0180.0010

statutes, ordinances, regulations, rules or laws. This release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and Plaintiff shall forever release, discharge and agree to hold harmless Defendant and the Released Parties from any and all claims for attorney fees and costs arising out of the matters released in this Stipulation.

Plaintiff specifically acknowledges that she is aware of and familiar with the provisions of Section 1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff, being aware of Section 1542, shall expressly waive and relinquish all rights and benefits she may have under Section 1542 as well as any other statutes or common law principles of a similar effect. Plaintiff may hereafter discover facts in addition to or different from those which she now knows or believe to be true with respect to the subject matter of all the claims referenced herein, but stipulate and agree that, upon the Effective Date, Plaintiff shall fully, finally and forever settle and release any and all claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, that were asserted or could have been asserted upon any theory of law or equity without regard to the subsequent discovery of existence of such different or additional facts.

## X.   NULLIFICATION OF THIS STIPULATION

1.   **Non-Approval of the Stipulation.** If (a) the Court should for any reason fail to approve this Stipulation in the form agreed to by the Parties, or (b) the Court should for any reason fail to enter a judgment with prejudice of the Action, or (c) the approval of the Settlement and judgment is reversed, modified or declared or rendered void, then the Settlement and conditional class certification shall be considered null and void, and neither the Settlement, conditional class certification, nor any of the related negotiations or proceedings, shall be of any force or effect, and all Parties to the Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor

1   filed with the Court. Notwithstanding the foregoing, the Parties may attempt in good faith to cure any

2   perceived defects in the Stipulation to facilitate approval.

3       2.   **Defendant's Rights to Void Settlement.** If at any time on or before the Effective Date,

4   any state or federal legislation, rule or change in law, is implemented and/or enacted which provides

5   that any of the types of claims being asserted in the Action are preempted by federal law during the

6   applicable Class Period, then Defendant will have the right to rescind and terminate the Settlement

7   without prejudice to its pre-settlement positions and defenses in the Action, without any financial

8   obligation related to the proposed Settlement set forth herein other than to pay for the costs of

9   administration of the Settlement incurred by the Settlement Administrator through the time of such

10  rescission and termination. Thereupon, the Parties shall meet and confer regarding the status of the

11  Action.   In the event that more than 5% of the Class Members submit elections to opt-out of the

12  Settlement or a number of Class Members whose share of the Net Settlement Amount is 5% or more

13  submit elections to opt-out of the Settlement, Defendant will have the right to rescind and terminate the

14  Settlement without prejudice to its pre-settlement positions and defenses in the Action. Should the 5%

15  threshold for opt-outs be exceeded, the Settlement Administrator shall notify Class Counsel and

16  Defendant's Counsel via email immediately.

17      3.   **Plaintiff's Right to Void Settlement.** In the event that the number of workweeks of the

18  Putative Class Members is more than 5% higher than 21,291, then Plaintiff will have the right to

19  rescind and terminate the Settlement without prejudice to its pre-settlement positions in this Action,

20  unless Defendant agrees to increase the Settlement amount proportionally.

21      4.   **Invalidation.** Invalidation of any material portion of the Settlement shall invalidate the

22  Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining

23  provisions of the Settlement are to remain in full force and effect.

24      5.   **Stay Upon Appeal.** In the event of a timely appeal from the approval of the Settlement

25  and judgment, the judgment shall be stayed, and Defendant shall not be obligated to fund the Gross

26  Settlement Amount or take any other actions required by this Stipulation until all appeal rights have

27  been exhausted by operation of law.

28

- 22 -

JOINT STIPULATION AND SETTLEMENT AGREEMENT

XI.   **MOTIONS FOR COURT APPROVAL**

1.      **Preliminary Approval.** Class Counsel will submit this Stipulation to the Court along with a Motion for Preliminary Approval of the Settlement. Each Party shall cooperate to present the Settlement to the Court for preliminary approval in a timely fashion.

2.      **Final Approval.** The Final Approval and Fairness Hearing shall be held before the Court. At the Final Approval and Fairness Hearing, Plaintiff shall move the Court for the entry of the final order certifying the Class for settlement purposes only and approving the Settlement as being fair, reasonable and adequate to the Settlement Participants and for the entry of a final judgment of the Action. Class Counsel and Defendant's Counsel shall submit to the Court such pleadings and/or evidence as may be required for the Court's determination.

XII.  **DUTIES OF THE PARTIES**

1.      **Mutual Full Cooperation.** The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Stipulation. Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Stipulation and any other efforts that may become necessary by court order or otherwise, to effectuate this Stipulation and the terms set forth herein. As soon as practicable after execution of this Stipulation, Class Counsel, with the cooperation of Defendant and Defendant's Counsel, shall take all necessary and reasonable steps to secure the Court's final approval of this Settlement.

2.      **Duty to Support and Defend the Settlement.** The Parties agree to abide by all of the terms of the Settlement in good faith and to support the Settlement fully and to use their best efforts to defend this Settlement from any legal challenge, whether by appeal or collateral attack.

3.      **Duties Prior to Court Approval.** Class Counsel shall promptly submit this Stipulation to the Court for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation, Class Counsel shall apply to the Court for the entry of an order preliminarily approving this Settlement, scheduling a hearing on the question of

- 23 -

1   whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Class

2   Members, approving as to form and content the proposed Class Notice and Share Form attached hereto

3   as **Exhibit 1** and **Exhibit 2**, respectively, and directing the mailing of the Class Notice to Class

4   Members. While Defendant can reserve its right to object to facts or assertions made in the moving

5   papers, Defendant's Counsel may file a notice of non-opposition to the granting of the motion for

6   preliminary approval or join in the motion, and/or represent to the Court that the motion is

7   "Unopposed."

8       4.   **Defendant's Duty to Comply with CAFA**. Defendant shall comply with the

9   requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, which provides, in relevant part, that

10   "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant

11   that is participating in the proposed settlement shall serve upon the appropriate State official of each

12   State in which a class member resides and the appropriate Federal official, a notice of the proposed

13   settlement[.]"

14   **XIII.   MISCELLANEOUS PROVISIONS**

15       1.   **Different Facts.** The Parties hereto, and each of them, acknowledge that, except for

16   matters expressly represented herein, the facts in relation to the dispute and all claims released by the

17   terms of this Stipulation may turn out to be other than or different from the facts now known by each

18   Party and/or its counsel, or believed by such Party or counsel to be true, and each Party therefore

19   expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this

20   Stipulation shall be in all respects effective and binding despite such difference.

21       2.   **No Prior Assignments.** The Parties represent, covenant, and warrant that they have not

22   directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to

23   any person or entity any portion of any liability, claim, demand, action, cause of action, or right herein

24   released and discharged except as set forth herein.

25       3.   **Non-Admission.** Nothing in this Stipulation shall be construed as or deemed to be an

26   admission by any Party of any liability, culpability, negligence, or wrongdoing toward any other Party,

27   or any other person, and the Parties specifically disclaim any liability, culpability, negligence, or

28

- 24 -

DM_US 156609530-1.PG0180.0010

1    wrongdoing toward the each other or any other person. Each of the Parties has entered into this

2    Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience,

3    expenses, and contingencies. Nothing herein shall constitute any admission by Defendant of

4    wrongdoing or liability, or of the truth of any factual allegations in the Action. Nothing herein shall

5    constitute any admission by Defendant regarding the merits of the Claims in this Action, including but

6    not limited to, claims for unpaid wages under California and/or federal law. Nothing herein shall

7    constitute an admission by Defendant that the Action was properly brought as a class or representative

8    action other than for settlement purposes. To the contrary, Defendant has denied and continues to deny

9    each and every material factual allegation and all Claims. To this end, the Settlement of the Action, the

10   negotiation and execution of this Stipulation, and all acts performed or documents executed pursuant to

11   or in furtherance of this Stipulation or the Settlement are not, shall not be deemed to be, and may not be

12   used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the

13   truth of any of the factual allegations in the Complaint in the Action; and are not, shall not be deemed

14   to be, and may not be used as, an admission or evidence of any fault or omission on the part of

15   Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or

16   other tribunal.  All Share Forms submitted or other evidence produced or created by the Parties in

17   connection with the claims procedure do not constitute, are not intended to constitute and will not be

18   deemed to constitute, an admission by Defendant of any violation of any federal, state, or local law,

19   statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

20        4.    **Documents and Information**. Assuming Defendant has made all of its required

21   payments under this Settlement Agreement, Plaintiff and Class Counsel shall return or destroy all

22   documents and information produced by Defendant within 180 calendar days after the Individual

23   Settlement Amounts are issued, which relate, constitute or refer to Class Member data, including, but

24   not limited to, personnel files, acknowledgements, payroll records, time records and company policies

25   and procedures related.  Defendant shall preserve and store, at Defendant's expense, all documents and

26   information returned pursuant to this section, in the original containers, order and format in which they

27   are returned, until a date three (3) years after the court's Order granting final approval of the

28

DM_US 156609530-1.PG0180.0010

Settlement. Throughout that time, all of the returned documents and information shall remain available for production under subpoena or other valid process in any suit, or judicial or quasi-judicial proceeding to which they may be relevant. In the event any or all of the returned documents or information are demanded under subpoena or other valid process, Defendant reserves and shall retain the right to seek a protective order or other remedy or procedure to protect the confidentiality of any items to be produced. The term "documents" as used in this section refers to all items within the scope of California Code of Civil Procedure section 2016.020(c) and California Evidence Code section 250 and includes, but is not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, including copies or computer-stored versions of any of the foregoing.  A written confirmation that the documents have been destroyed or deleted shall be sufficient for Plaintiff to comply with this paragraph.

5.      **No Injunctive Relief**. Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive relief, or to modify or eliminate any of its personnel, compensation or payroll practices, or adopt any new personnel, compensation or payroll practices.

6.      **Invalidity of Any Provision.** Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

7.      **Plaintiff's Waiver of Right to Be Excluded and Object.** By signing this Settlement Agreement, Plaintiff is bound by the terms herein stated and further agrees not to opt out from the Settlement and agrees not to object to any of the terms of this Settlement Agreement.  Any such opt-out or objection shall therefore be void and of no force or effect.  Plaintiff also agrees to not disparage the Settlement to Class Members or encourage, in any way, Class Members to submit an opt-out from the Settlement.

- 26 -

JOINT STIPULATION AND SETTLEMENT AGREEMENT

8.      **Public Comment.** Plaintiff and Class Counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about the Action and/or the fact, amount or terms of the Settlement.  Plaintiff and Class Counsel will respond to future press inquiries only by confirming that approval of a settlement is pending, or, after final approval, that a settlement was approved by that Court. In addition, Plaintiff and Class Counsel agree that they will not engage in any advertising or distribute any marketing materials identifying Defendant in connection with this action or this Settlement and shall not create or post web content on websites maintained or controlled by Class Counsel relating to the Settlement with Defendant.

9.      **Non-Retaliation.** Defendant understands and acknowledge that it has a legal obligation not to retaliate against the named Plaintiff and any Class Member who elects to participate in the Settlement or elects to Opt-Out of the Settlement. Defendant will refer any inquiries regarding this Settlement to the Settlement Administrator or Class Counsel and will not discourage Class Members who are employees, directly or indirectly, from making claims, opting out or objecting to the Settlement.

10.     **Construction.** The Parties hereto agree that the terms and conditions of this Stipulation are the result of lengthy, intensive, arms-length non-collusive negotiations between the Parties and that this Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Stipulation. If any of the dates in the Stipulation fall on a weekend, bank or court holiday, the time to act shall be extended to the next business day.

11.     **Governing Law.** This Stipulation is intended to and shall be governed by the laws of the State of California, without regard to conflict of law principles, in all respects, including execution, interpretation, performance, and enforcement.

12.     **Notices.** Except for Class Notices required to be made by the Settlement Administrator, any and all notices or other communications required or permitted under this Stipulation shall be in writing and shall be sufficiently given if delivered in person to the party or their counsel by U.S.

- 27 -

certified mail, postage prepaid, e-mail, facsimile, or overnight delivery addressed to the address of the Party appearing in this Stipulation.

13. **Captions and Interpretations.** Section titles or captions contained herein are inserted as a matter of convenience and for reference only and in no way define, limit, extend, or describe the scope of this Stipulation or any provision thereof.

14. **Modification.** This Stipulation may not be changed, altered, or modified, except in writing signed by the Class Counsel and Defendant's Counsel with the authorization of the Parties. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

15. **Integration Clause.** This Stipulation contains the entire agreement between the Parties relating to the Settlement of the Action and the transactions contemplated thereby, and upon its full execution all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are hereby superseded. No rights under this Stipulation may be waived except in writing as provided above.

16. **Successors and Assigns.** This Stipulation shall be binding upon and inure to the benefit of the Parties and Class Members (excluding only persons who timely Opt-Out) and their respective present and former heirs, trustees, executors, administrators, representatives, officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, consultants, pension and welfare benefit plans, fiduciaries, parent companies, subsidiaries, affiliates, related companies, joint ventures, predecessors, successors, and assigns.

17. **Corporate Signatories.** Any person executing this Stipulation or any such related document on behalf of a corporate signatory or on behalf of a partnership hereby warrants and promises, for the benefit of all Parties hereto, that such person has been duly authorized by such corporation or partnership to execute this Stipulation or any such related document.

18. **Execution in Counterparts.** This Stipulation shall become effective upon its execution by all of the undersigned. The Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

- 28 -

DM_US 156609530-1.PG0180.0010

19.  **Attorneys' Fees, Costs and Expenses**. Except as otherwise specifically provided for herein, each Party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other Party to this Stipulation.

20.  **Action to Enforce Agreement.** In any suit or court action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover his or its attorneys' fees and costs.

[Signature page follows]

- 29 -

DM_US 156609530-1.PG0180.0010

1    **IN WITNESS WHEREOF,** the Parties and their counsel have executed this Stipulation on the

2    date below their signatures or the signature of their representatives. The date of the Stipulation shall be

3    the date of the latest signature.

4

5    Dated: November 6, 2018

6

7    *Plaintiff:*                                              *Defendant:*

8

9    _____        _____

10   Ramona J. Hogue                                   YRC Inc.
                                                                    By:  Thomas J. "T.J." O'Connor
                                                                    Its:  President

11

12   *Approved as to form and content:*

13   ACKERMANN & TILAJEF, P.C.              McDERMOTT WILL & EMERY LLP

14

15

16   _____        _____

     Craig J. Ackermann, Esq.                    Ronald J. Holland, Esq.

17   Counsel for Plaintiff and the Class         Pankit J. Doshi, Esq.
                                                                    Philip Shecter, Esq.

18   HAMMONDLAW, P.C.                          Counsel for Defendant

19

20

21   _____
     Julian Hammond, Esq.

22   Counsel for Plaintiff and the Class

23

24

25

26

27

28

JOINT STIPULATION AND SETTLEMENT AGREEMENT

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Stipulation on the date below their signatures or the signature of their representatives. The date of the Stipulation shall be the date of the latest signature.

Dated: November 6, 2018

*Plaintiff*:

_____
Ramona J. Hogue

*Defendant*:

_____
YRC Inc.
By:  Thomas J. "T.J." O'Connor
Its:  President

*Approved as to form and content:*

ACKERMANN & TILAJEF, P.C.

_____
Craig J. Ackermann, Esq.
Counsel for Plaintiff and the Class

HAMMONDLAW, P.C.

_____
Julian Hammond, Esq.
Counsel for Plaintiff and the Class

McDERMOTT WILL & EMERY LLP

_____
Ronald J. Holland, Esq.
Pankit J. Doshi, Esq.
Philip Shecter, Esq.
Counsel for Defendant

- 30 -

JOINT STIPULATION AND SETTLEMENT AGREEMENT

DM_US 156609530-1.PG0180.0010

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMONA J. HOGUE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>YRC INC., a Delaware Corporation doing business as YRC FREIGHT; and DOES, 1-20 inclusive,<br><br>                    Defendant. | Case No. 5:16-cv-01338-CJC-JEM<br><br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**<br><br><br>Judge: Hon. Cormac J. Carney |

**DATE:** _____, 2018

**TO:** All individuals employed by YRC Inc. as line-haul drivers in California, who held California drivers' licenses and whose home terminals were in California, and who were paid, in whole or in part, on the basis of a certain amount of cents per mile during the Class Period from May 19, 2012 through August 7, 2017 ("Class Members"):

**YOU ARE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT.**
**PLEASE READ THIS NOTICE CAREFULLY.**

**NO ACTION NEEDS TO BE TAKEN TO RECEIVE MONEY UNDER THE SETTLEMENT:** If you are a Class Member (as defined above) and received this Notice, you are automatically included in the Settlement and do not need to take any further action to receive a payment. If you do nothing, you will receive a settlement amount and you will release the claims in Section V, below.

## I.   INTRODUCTION

This "NOTICE OF PROPOSED CLASS ACTION" ("Notice") is to inform you that YRC Inc. ("YRC Inc." or "Defendant") has agreed to settle a class action lawsuit on behalf of all Class Members which claimed that YRC violated various wage and hour laws by, among the other things described below, not separately paying its drivers for rest breaks and non-driving time during the period from May 19, 2012 through August 7, 2017 (the "Class Period").

The Court has granted preliminary approval of the Settlement and ordered this Notice be sent to you because you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

## II.   DESCRIPTION OF THE LAWSUIT

On May 19, 2016, Plaintiff RAMONA J. HOGUE filed a class action lawsuit against Defendant YRC INC. on behalf of all of the Class Members.  The matter has since been removed to federal court and is entitled *Ramona J. Hogue v. YRC Inc.*, United States District Court for the Central District of California, Case No. 5:16-CV-01338-CJC-JEM.  Plaintiff alleged Claims against Defendant for, among other things:  (1) failure to pay separately and hourly for time spent on rest breaks and other non-driving tasks (Cal. Labor Code §§ 1194; 1194.2 and 226.2); (2) failure to provide paid rest periods and pay missed rest break premiums (Cal. Labor Code § 226.7 and section 12 of IWC Wage Order No. 9); (3) failure to issue accurate itemized wage statements (Cal. Labor Code §§ 226 and 226.2); (4) failure to reimburse for business-related expenses (Cal.

- 1 –

Questions? Contact the Settlement Administrator 1-(888) 384-1477 // classmemberquestions@cptgroup.com

Labor Code § 2802); (5) Unfair Competition Law violations (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and (6) penalties pursuant to the Private Attorneys General Act (Cal. Labor Code §§ 2698 *et seq.*).

In summary, this class action lawsuit is mainly about Plaintiff's claims that YRC's rest break and compensation policies were unlawful because YRC allegedly did not pay Class Members separately and hourly for rest breaks and many non-driving tasks during the Class Period, such as pre- and post-trip inspections, completing paperwork, and other such tasks that YRC required its truck drivers to perform when they were not on the road, and thus not earning piece-rate "mileage pay." Plaintiff claims that she and the other truck drivers are owed back pay and/or penalties for these alleged violations, among other things.

YRC strongly denies liability for all of Plaintiff's claims, and contends that it fully complied with California law during the Class Period. Specifically, YRC contends that its rest break and per mile compensation policies are lawful under California law and lawfully compensated the Class Members for all hours worked. YRC further contends that Plaintiff's claims cannot be maintained as a class action and intended to oppose any motion for class certification filed by Plaintiff.

On September 5, 2018, the parties reached a settlement to resolve all of the claims in the action.  For settlement purposes, the parties have agreed that the Class Period ends on August 7, 2017.  For settlement purposes, the parties have agreed that the Class is defined as:  "All line-haul drivers employed by YRC who held California drivers' licenses and whose home terminals were in California, and who were paid, in whole or in part, on the basis of a certain amount of cents per mile from May 19, 2012 up until August 7, 2017 (i.e., began to pay separately for rest periods) at the terminal at which that putative class member worked."

The Court has not decided whether YRC or Plaintiff are correct. Plaintiff would have still had to successfully certify the class and prove her claims at a trial on a class-wide basis. However, to avoid additional expense, inconvenience, and risks of continued litigation, the parties have concluded that it is in their respective best interests and the interests of the Class Members to settle the Action on the terms summarized in this Notice. After litigating for the matter for over two years and making significant exchanges of information, the Settlement was reached after arms-length non-collusive negotiations between the parties. In these negotiations, both sides recognized the substantial risk of the Court deciding against them at trial and determined that the Settlement was a fair, reasonable and adequate way to resolve the disputed claims.

Plaintiff and Class Counsel support this Settlement, finding it fair, adequate, reasonable, and in the best interest of the Class Members. Among the reasons for support are the defenses to liability potentially available to YRC, the inherent risk of trial on the merits, the potential for the Court to deny certification of the class, and the delays and uncertainties associated with litigation.

On [date], 2018, the Court preliminarily approved the Settlement. This Notice is being sent to you because YRC's records indicate that you were employed by YRC as a California line-haul truck driver during the Class Period who was paid, in whole or in part, on a piece-rate basis.

**IF YOU ARE STILL EMPLOYED BY YRC, THIS SETTLEMENT WILL NOT AFFECT YOUR EMPLOYMENT**.

**California law strictly prohibits retaliation.** Further, YRC is prohibited by law from taking any adverse action against or otherwise target, retaliate, or discriminate against any Class Member because of the Class Member's participation or decision not to participate in this Settlement.

| III.   TERMS OF THE SETTLEMENT |
|---|

YRC has agreed to pay **$700,000** (the "Settlement Amount") to resolve all claims in the Action and obtain a

release from the Class, as described below.

The Parties agreed to the following allocations from the Settlement Amount:

1. <u>Settlement Administration Costs</u>. The Court has approved CPT Group, Inc. to act as the "Settlement Administrator," who is sending this Notice to you and will perform many other duties relating to the Settlement. Under the Settlement, a maximum of $20,000 can be paid from the Settlement Amount to pay the Settlement Administration Costs, although the actual costs are estimated to be approximately $13,000, and any difference will be allocated to the Class Members.

2. <u>Attorneys' Fees and Expenses</u>. Class Counsel – which includes attorneys from two separate law firms – have been prosecuting the lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. To date, the parties have aggressively litigated many aspects of the case and spent hundreds of hours in the process. The Court will determine the actual amount awarded to Class Counsel as attorneys' fees and expenses, which will be paid from the Settlement Amount. Class Members are not personally responsible for any of Class Counsel's attorneys' fees or expenses. Class Counsel will collectively ask for fees and costs of 30% of the Settlement Amount, or $210,000, as reasonable compensation for the work Class Counsel performed, and will continue to perform, in this lawsuit. Any attorneys' fees awarded by the Court will be split evenly between Class Counsel. Class Counsel will also ask the Court for reimbursement of up to $25,000 of their actual out-of-pocket expenses.

3. <u>Incentive Award Payment to the Class Representative</u>. The Court has preliminarily approved an incentive award to the Class Representatives, Ramona J. Hogue, in the amount of $10,000 to compensate her for her service and extra work provided on behalf of the Class Members. The Class Representative also will receive a share of the Settlement as a Class Member.

4. <u>Penalties to the California Labor Workforce and Development Agency</u>. The Court has preliminarily allocated $20,000 of the Settlement Amount to Plaintiffs' penalty claim under the Private Attorneys General Act of 2004 ("PAGA"). Of this amount, 75% (i.e. $15,000) will be paid to the State of California in accordance with California law, and the rest will remain for distribution in the Net Settlement Amount.

5. <u>Net Settlement Amount</u>. After deducting the amounts above, the balance of the Settlement Amount will form the Net Settlement Amount for distribution to the Class Members.

## IV.   YOUR INDIVIDUAL SHARE OF THE SETTLEMENT AMOUNT

The Individual Settlement Amount for each Class Participant (i.e. a Class Member that does not opt-out of the Settlement) will be calculated as follows: The Settlement Administrator shall divide the Net Settlement Amount by the total number of workweeks Class Members were employed during the Class Period for which they were paid, in whole or in part, on the basis of a certain amount per mile for runs that either began or ended in California, in order to determine the amount each Class Member is entitled to for each workweek the Class Member was employed by YRC (the "Weekly Amount"). The Settlement Administrator will multiply the Weekly Amount by the total number of workweeks that each Class Member was employed during the Class Period and deduct all Employee's Taxes and Required Withholding attributable to wages to arrive at the Individual Settlement Amount for that Class Member.

Your estimated Individual Settlement Amount along with the dates of your weeks worked as a line haul driver during the Class Period where you were paid, in whole or in part, on the basis of a certain amount per mile for runs that either began or ended in California, appears on your Share Form, attached herewith. The amount of your Individual Settlement Amount may change depending on the participation of other Class Members and the Court's approval of the Settlement.

DM_US 156609531-1.PG0180.0010

## V.      THE RELEASE OF CLAIMS

If the Court approves the Settlement, all Class Members who do not opt out before the deadline will release YRC and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parent companies and attorneys, and/or any individual or entity which could be jointly liable with YRC from any and all liabilities, demands, claims, causes of action, complaints and obligations, whether known or unknown, against the Released Parties arising during the Class Period that are or that could have been pled in the operative Complaint, based on the facts alleged in the causes of action in the Complaint, relating to the payment or non-payment of wages and alleging violations of federal, state or local law or administrative order, such as the Industrial Welfare Commission Wage Order No. 9, section 12, California Labor Code sections 201, 202, 203, 204, 226, 226.2, 226.7, 558, 1194, 1194.2, 1197, 1197.1, 2698-2699 and 2808, and California Business and Professions Code sections 17200 *et seq*., including the failure to pay separately and hourly for time spent by drivers on rest breaks, pre- and post-trip inspection time, waiting, cleaning, fueling, paperwork and other non-driving time; minimum wage claims; rest break violations; waiting time penalties; wage statement claims; failure to reimburse for necessary business expenditure claims; Unfair Competition Law violations; PAGA penalties and any other claims whatsoever that were alleged in the Action or which arise out of or directly or indirectly relate to such facts alleged in this Action, including without limitation all related claims for restitution and other equitable relief, conversion, liquidated damages, punitive damages and any other related claims and/or penalties of any nature whatsoever.

The Settlement will **not** release any claims for workers compensation, unemployment, or disability benefits of any nature, nor does it release any claims, actions, or causes of action which may be possessed by Class Members under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq*.; the Unruh Civil Rights Act, Cal. Civil Code §§ 51 *et seq*.; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq*.; the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq*.; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq*.; and all of their implementing regulations and interpretive guidelines.

Class Members who do not opt out will be deemed to have acknowledged and agreed that their claims for wages and/or penalties in the lawsuit are disputed, and that the Settlement payments constitute payment of all sums allegedly due to them. Class Members will be deemed to have acknowledged and agreed that California Labor Code Section 206.5 is not applicable to the Settlement payments. That section provides in pertinent part as follows:

> **"An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made."**

If at any time on or before the Effective Date, any state or federal legislation, rule or change in law, is implemented and/or enacted which provides that any of the types of claims being asserted in the Action are preempted by federal law during the applicable Class Period, then Defendant will have the right to rescind and terminate the Settlement without prejudice to its pre-settlement positions and defenses in the Action, without any financial obligation related to the proposed Settlement set forth herein other than to pay for the costs of administration of the Settlement incurred by the Settlement Administrator through the time of such rescission and termination. Thereupon, the Parties shall meet and confer regarding the status of the Action.

The "Effective Date," or the date the Settlement shall become "final," shall mean:

In the event that a timely appeal of the Court's order of final approval has been filed, then the Settlement Agreement shall be final when the applicable appellate court has rendered a final decision or opinion affirming the Court's final approval without material modification, and the applicable date for seeking further

appellate review has passed. In the event that the Court fails to approve the Settlement, or if the appropriate appellate court fails to approve the Settlement or if this Settlement Agreement is otherwise terminated: (1) this Settlement Agreement shall have no force and effect and the Parties shall be restored to their respective positions prior to entering into it, and no Party shall be bound by any of the terms of the Settlement Agreement; (2) Defendant shall have no obligation to make any payments to the Class Members, Plaintiffs or Class Counsel; (3) any preliminary approval order, final approval order or judgment, shall be vacated; and (4) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be deemed confidential mediation settlement communications and not subject to disclosure for any purpose in any proceeding; or

In the event that one or more timely objections has/have been filed and not withdrawn, then upon the passage of the applicable date for an objector to seek appellate review of the Court's order of final approval of the Settlement, without a timely appeal having been filed; or

In the event that the Settlement has received final approval by the Court and there were no timely objections filed, or that any timely objections have been withdrawn, then upon the passage of the applicable date for any interested party to seek appellate review of the Court's order of final approval of the Settlement without a timely appeal being filed (i.e., 31 days after the final approval order is entered).

In addition, in the event that more than 5% of the Class Members submit elections to opt-out of the Settlement or a number of Class Members whose share of the Net Settlement Amount is 5% or more submit elections to opt-out of the Settlement, Defendant will have the right to rescind and terminate the Settlement without prejudice to its pre-settlement positions and defenses in the Action. Should the 5% threshold for opt-outs be exceeded, the Settlement Administrator shall notify Class Counsel and Defendant's Counsel via email immediately. In the event that the number of workweeks of the Putative Class Members is more than 5% higher than 21,291, then Plaintiff will have the right to rescind and terminate the Settlement without prejudice to her pre-settlement positions in this Action, unless Defendant agrees to increase the Settlement amount proportionally.

## VI.   WHAT ARE YOUR OPTIONS?

### A.   Do Nothing and Receive Your Portion of the Settlement

You are automatically included as a Class Participant and will receive a settlement payment and do not have to take any further action to receive your settlement payment. By participating in the Settlement, you will be bound by the Release. It is your responsibility to ensure that the Settlement Administrator has your current address on file, or you may not receive important information or a settlement payment. The estimated amount of your settlement payment if you do nothing is included on the attached Share Form.

### B.   Opt-Out and Be Excluded from the Class and the Settlement

If you **do not** wish to take part in the Settlement, you may exclude yourself (i.e., opt-out) by sending to the Settlement Administrator at the address on the last page of this Notice a "Opt-Out Request from the Class Action Settlement" letter/card **postmarked no later than _____, 2019**, with your name, address, telephone number, and signature. The Opt-Out form should state:

"I WISH TO BE EXCLUDED FROM THE CLASS IN THE HOGUE V. YRC, INC. LAWSUIT. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE CLASS SETTLEMENT OF THIS LAWSUIT AND WILL NOT BE RELEASING ANY CLAIMS I MIGHT HAVE."

By filing a timely Opt-Out Request, you will no longer be a Class Member, and will receive no benefits from the Settlement.

Questions? Contact the Settlement Administrator 1-(888) 384-1477 //  classmemberquestions@cptgroup.com

DM_US 156609531-1.PG0180.0010

#### C.     Object to the Settlement

You also have the right to object to the terms of the Settlement. However, if the Court rejects your objection, you will still be bound by the terms of the Settlement. If you wish to object to the proposed Settlement, or any portion of it, you must file with the Settlement Administrator a written objection stating your name, address, telephone number, dates of employment with YRC, the case name and number, each specific reason in support of your objection, and any legal support for each objection. Objections must be in writing and must be mailed to the Settlement Administrator **by no later than _____, 2019** for your objection to be considered. **OBJECTIONS THAT DO NOT INCLUDE ALL REQUIRED INFORMATION, OR THAT ARE NOT SUBMITTED TIMELY, MAY NOT BE CONSIDERED BY THE COURT.**

If you choose to object to the Settlement, you may also appear at the Final Approval Hearing scheduled for _____, 2018, at \_\_\_\_\_ am at the United States District Court, First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012. You have the right to appear either in person or through your own attorney at this hearing. Objections not previously filed in writing in a timely manner as described above may not be considered by the Court. Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties on or before _____, 2018. All objections or other correspondence must state the name and number of the case.

#### D.     Participate in the Settlement but Dispute Your Workweeks

The workweeks you worked as a California driver for YRC during the Class Period where you were paid, in whole or in part, on the basis of a certain amount per mile for runs that either began or ended in California, have been calculated based on YRC records. If you feel that you were not credited with the correct number of workweeks worked as a line haul driver during the Class Period, you may fill out the "dispute" portion of your Share Form and submit evidence to the Settlement Administrator on or before _____, 2019 with documentation to establish the number of pay periods you claim to have actually worked during the Class Period. **DOCUMENTATION SENT TO THE SETTLEMENT ADMINISTRATOR WILL NOT BE RETURNED OR PRESERVED; DO NOT SEND ORIGINALS.** The Parties and Settlement Administrator will promptly evaluate the evidence submitted and discuss in good faith how many workweeks should be credited. The Settlement Administrator will make the final decision as to how many weeks are credited, and report the outcome to the Class Participant.

### VII.    UPDATE FOR YOUR CHANGE OF ADDRESS

If you move after receiving this Notice or if it was misaddressed, please complete the Change of Address portion of the Share Form and mail it to the Settlement Administrator at the address below as soon as possible. **THIS IS IMPORTANT SO THAT FUTURE NOTICES AND/OR THE SETTLEMENT PAYMENT REACH YOU.**

### VIII.    IF THE SETTLEMENT IS NOT APPROVED

If the Settlement is not approved by the Court, or if any of its conditions are not satisfied, the conditional settlement will be voided, no money will be paid, and the case will return to litigation. If that happens, there is no assurance that any decision at trial or subsequent appeal would be in favor of Class Members.

### IX.    QUESTIONS OR COMMENTS?

**PLEASE DO NOT CALL OR CONTACT THE COURT.** If you have any questions about the settlement, you may contact the Settlement Administrator at: 1-(888)384-1477 or by e-mail at classmemberquestions@cptgroup.com. You may also contact Class Counsel at the address or phone number listed below.

- 6 –

Questions? Contact the Settlement Administrator 1-(888) 384-1477 // classmemberquestions@cptgroup.com
DM_US 156609531-1.PG0180.0010

THE ATTORNEYS REPRESENTING THE CLASS MEMBERS ARE:

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone:    (310) 277-0614
Facsimile:     (310) 277-0635

HAMMONDLAW, P.C.
Julian Hammond
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Telephone: (310) 601-6766
Facsimile: (310) 295-2385

---

## SETTLEMENT ADMINISTRATOR ADDRESS:

All written correspondence, including requests for exclusion, objections, or disputes, must be mailed to the Settlement Administrator at the following address:

Hogue v. YRC Inc.
c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606

---

DM_US 156609531-1.PG0180.0010

**EXHIBIT 2**

## SHARE FORM

*Ramona J. Hogue v. YRC, Inc. et al.*
U.S. District Court for the Central District of
California, Case No. 5:16-cv-01338-CJC-JEM

CPT ID: <<ID>>  *1*
<<EmployeeName>>
<<Address1>> <<Address2>>
<<City>>, <<State>> <<Zip>>

Change of Address
Please provide current address (if different) here:

_____
_____
_____

Your estimated award is based on your pro-rata percentage of the Net Settlement Amount based on your Weeks Worked as a line-haul driver paid on a piece-rate basis in California during the Class Period, as a percentage of all of the Class Members' Weeks Worked as line-haul drivers paid on a piece-rate basis in California during the Class Period. "Weeks Worked" means the number of weeks during the Class Period for which a California line-haul driver was paid, in whole or in part, on the basis of a certain amount per mile for runs that either started or ended in California according to YRC's payroll records.

**Class Period:**                May 19, 2012 – August 7, 2017
**Your Employment:**        <<qHDate>> to <<qTDate>>
**Workweeks:**                  <<Workweeks>>
**Estimated Settlement Share:**   $<<EstSettAmount>>

Your settlement share amount may be higher or lower based on opt-outs, rulings of the court related to fees, costs and enhancements, and other factors. Unless you believe that any information above is inaccurate, you do not need to do anything to receive your settlement share.

**DO NOT fill out the portion below or return this form *UNLESS you believe any of the information above is <u>not</u> accurate.* If you would like to dispute the above information, please sign and date the below, and mail it to the settlement administrator along with supporting evidence no later than 45 days from the date on the Class Notice.**

---

### OPTION TO DISPUTE

☐ I wish to dispute the employment data listed above. I have included a written statement setting forth what I believe are the actual dates/weeks I worked for YRC, Inc. as a Line Haul Driver who was paid, in whole or in part, on the basis of a certain amount per mile for runs that either started or ended in California during the Class Period. **I recognize that my claim will not be reviewed without documentary evidence to support my claim.** I understand that by submitting this challenge, I authorize the Settlement Administrator to review YRC's records and make a determination based on those records and the records I submit. I understand that this determination may increase or decrease the amount of my settlement share. I understand that such determinations are final and binding with no opportunity for further appeal.

Dated: _____        Signed: _____

Questions? Contact the Settlement Administrator 1-(888) 384-1477 // classmemberquestions@cptgroup.com

DM_US 155466007-2.105280.0015