JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

RAMONA J. HOGUE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YRC, INC. d.b.a. YRC FREIGHT, and DOES 1 through 20,

Defendants.

Case No.: EDCV 16-01338-CJC(JEMx)

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

The Court, having considered the motions of Plaintiff Ramone Hogue ("Plaintiff") for Final Approval of Class Action Settlement, and for Attorneys' Fees and Costs and Class Representative's Service Award, and good cause appearing, hereby **GRANTS** final approval of the settlement as provided by the Class Action Settlement Agreement (the "Settlement") as set forth below:

1. The Court hereby makes final the conditional class certification contained in the Preliminary Approval Order, and thus makes final for purposes of the Settlement Agreement the certification, pursuant to FRCP 23(g)(1)(A), of a class consisting of:

> All line haul drivers employed by YRC who held California drivers' licenses and whose home terminals were in California, and who were paid, in whole or part, on the basis of a certain amount of cents per mile, during the period from May 9, 2012 thought August 7, 2017 (the "Class Period") at the terminal at which the Class Member worked.

2. The Court hereby finds that the Notice mailed to all Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The court further finds that a full and fair opportunity has been afforded to Class Members to participate in the hearing convened to determine whether the proposed Settlement Agreement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not timely and properly request to be excluded from the Settlement are bound by this final Order and shall be deemed to have released the Released Claims as defined in the Settlement Agreement.

3. The Court appoints Craig J. Ackermann of Ackermann & Tilajef, P.C., and Julian Hammond of HammondLaw, P.C. as counsel for the Class.

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiff and Defendant, and is the product of good faith, arm's-length negotiations between the parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law.[1] Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

   a. Approves the Gross Settlement of $700,000;

   b. Approves payment of up to $13,000 to CPT Group, the Settlement Administrator;

   c. Approves the Class Representative incentive award of $10,000 to Plaintiff.

   d. Approves an award of attorneys' fees in the amount of $210,000 and costs in the amount of $20,825.30.

   e. Approves the allocation of $20,000 as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), and further approves of payment of $15,000 to the Labor and Workforce Development Agency for its portion of the PAGA penalties.

---

[1] The Court finds that all filing requirements of the Class Action Fairness Act ("CAFA") were timely satisfied. See 28 U.S.C. § 1715.

f. Approves the State of California's Unclaimed Property Fund as the beneficiary for uncashed checks in the name of each Class Member who does not cash his or her check.

5. The Court orders that, following the Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the implementation schedule for further actions and proceedings:

| Within 15 Court days of Effective Date | Deadline for Defendant to transfer Gross Settlement to the Settlement Administrator |
|---|---|
| Within 30 Court days of Effective Date | Deadline for Settlement Administrator to distribute attorneys' fees and costs to Class Counsel; Service Award to the Plaintiff; And Settlement Amounts to participating Class Members, |
| 90 calendar days after issuance of after checks | Uncashed checks voided and funds shall be transmitted by the Settlement Administrator to the State of California's Unclaimed Property Fund in the name of the Class Member who did not cash his or her check. |

6. Final Judgment is hereby entered in this matter.

//

7. This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out.

DATED: June 24, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE